the name of the person or corporation with whom such expenditure was incurred or made. Fourth. The name and address of each and every dealer in the defendant's line of business whom, it is alleged as aforesaid, plaintiff notified that the alleged license of defendant had been revoked. Fifth. The name and address of each and every trade journal whom it is alleged as aforesaid plaintiff notified not to publish advertisements of the defendant as such alleged licensee. Sixth. The name and address of each and every one of said various dealers whom it is so alleged have refused to deal further with the defendant, the date of each such refusal, whether the same was oral or in writing, and, if in writing, a copy thereof. Seventh. The name and address of each and every one of said trade journals which it is so alleged have declined to print the advertisements of the defendant, the date of each such declination, whether the same was declined orally or in writing, and, if in writing, a copy of each such declination. Ninth. The name and address of each customer of defendant so alleged to have been lost, and the time when and place where each such loss occurred. Tenth. The name of the parties to, the date, nature, subject-matter, in substance, extent, and amount of each and every contract entered into by defendant with others, which it is so alleged defendant has been and will be forced to break—and, as so modified, will be affirmed, without costs to either party.

ANDERSON, Respondent, v. BUCKLEY REALTY CONST. CO., Appellant. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Hilda Anderson, as administratrix, against the Buckley Realty Construction Company. J. B. Henney, for appellant. Kilroe & Swarts, for respondent.
PER CURIAM. Judgment and order affirmed, with costs. Order filed.
HOUGHTON, J., dissents.

ANDERSON & PRICE CO., Respondent, v. CITY OF NEW YORK et al., Appellants. (Supreme Court, Appellate Division, First Department. December 3, 1909.) Action by the Anderson & Price Company against the City of New York and another. T. F. Noonan, for appellants. H. W. Webber, for respondent.
PER CURIAM. Judgment affirmed, with costs. Order filed.
INGRAHAM, J., dissents as to the city.

BACKMAN, Appellant, v. TOPHAM, Respondent. (Supreme Court, Appellate Division, First Department. December 3, 1909.) Action by Louis Backman against Thomas W. Topham, as President of Parliament of Infinite Wisdom, etc. L. Lowenstein, for appellant. W. B. Matthew, for respondent. No opinion. Determination of Appellate Term reversed, and judgment of City Court affirmed, with costs in this court and in the Appellate Term. Order filed.

In re BACKUS. (Supreme Court, Appellate Division, Second Department. December 3, 1909.) In the matter of Lincoln G. Backus, an attorney. On petition of Ludlow W. Valentine. No opinion. Application referred to Hon. John Hill Morgan as referee to take proof and report, with his opinion.

BAIRD, Respondent, v. CITY OF GLOVERSVILLE, Appellant. (Supreme Court, Appellate Division, Third Department. November 10, 1909.) Action by Naomi S. Baird against the City of Gloversville. No opinion. Judgment unanimously affirmed, with costs.

BANCROFT v. INTERBOROUGH ESTATES et al. (Supreme Court, Appellate Division, Second Department. December 3, 1909.) Action by Louis Bancroft against the Interborough Estates and others. No opinion. Order reversed, with $10 costs and disbursements, and motion granted, with costs, on the authority of Cohen v. Biber, 123 App. Div. 528, 108 N. Y. Supp. 249, and Brown v. Mando, 125 App. Div. 380, 109 N. Y. Supp. 726.

BARBER, Appellant, v. DAVIDSON, Respondent. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Clarence L. Barber against Edward W. Davidson. J. A. Deering, for appellant. M. J. Tierney, for respondent. No opinion. Judgment (62 Misc. Rep. 552, 115 N. Y. Supp. 819) affirmed, with costs, with leave to plaintiff to withdraw demurrer on payment of costs. Order filed.

BARNETT, Respondent, v. VAUGHAN INSTITUTE, Appellant. (Supreme Court, Appellate Division, Second Department. December 3, 1909.) Action by Lissa M. Barnett against the Vaughan Institute. No opinion. Motion for reargument denied, with costs. See, also, 119 N. Y. Supp. 45.

BARRETT, Appellant, v. BARRETT, Respondent. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Louise Barrett against Henry J. Barrett. I. N. Jacobson, for appellant. E. Dreyfus, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

BARSANTEE, Respondent, v. CLYDE S. S. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 10, 1909.) Action by James F. Barsantee against the Clyde Steamship Company. No opinion. Order denying motion for new trial affirmed, with costs.

BARSANTEE, Respondent, v. CLYDE S. S. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 10, 1909.) Action by James F. Barsantee against the

Clyde Steamship Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

**BARTHOLOMA**, Respondent, v. **TOWN OF FLORENCE**, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 1, 1909.) Action by Michael Bartholoma against the Town of Florence.

PER CURIAM. Judgment and order affirmed, with costs.

WILLIAMS, J., dissents.

---

**BAUMFELD** v. **BLITZ**. (Supreme Court, Appellate Division, First Department. December 10, 1909.) Action by Maurice Baumfeld against Milica Blitz. No opinion. Motion denied. Order filed.

---

**BEACH** v. **LARGE** et al. (Supreme Court, Appellate Division, Third Department. November 10, 1909.) Action by Josephine A. Beach against Elizabeth G. Large and another. No opinion. Interlocutory judgment affirmed, with costs.

---

**BECKER**, Respondent, v. JUNG, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 1, 1909.) Action by George J. Becker against Jacob Jung. No opinion. Judgment affirmed, with costs.

---

**BELL**, Respondent, v. **NEW YORK CENT.** & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 3, 1909.) Action by Joseph Bell, as administrator, etc., against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment and order affirmed, with costs. See, also, 128 App. Div. 730, 113 N. Y. Supp. 185.

SMITH, P. J., and COCHRANE, J., dissent.

---

**BERDNER**, Respondent, v. LIBERTY STORAGE & WAREHOUSE CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Action by Annie Berdner against the Liberty Storage & Warehouse Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

**BERNSTEIN**, Respondent, v. **HALPERIN**, Appellant. (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Action by Abraham S. Bernstein against Morris Halperin. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

In re **BETTS**. (Supreme Court, Appellate Division, Third Department. November 10, 1909.) In the matter of the application of Ira E. Betts, late of the town of Delhi, deceased, by Minnie H. Betts, as executrix, etc., of said deceased, and as property owner, to alter and lay out a new highway in the town of Delhi, N. Y., and the assessment of damages therefor. No opinion. Order affirmed, with costs. See, also, 132 App. Div. 941, 118 N. Y. Supp. 1094.

---

**BIGALKE** & **ECKERT** CO. v. WM. KNABE & CO. MFG. CO. (Supreme Court, Appellate Term. November 12, 1909.) Appeal from Municipal Court, Borough of Manhattan, Ninth District. Action by the Bigalke & Eckert Company against the Wm. Knabe & Co. Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. Sproull, Harmer & Sproull, for appellant. Sullivan & Cromwell (Emery H. Sykes, of counsel), for respondent.

PER CURIAM. The plaintiff obtained judgment. Defendant appeals. Plaintiff was a tenant of defendant, and put up in the leased premises 55 feet of glass and mahogany partitions. When plaintiff moved out, it sought to take these partitions with it, but was prevented by defendant. The value of said partitions is claimed by plaintiff to be $100. Defendant claims that plaintiff agreed that no nails, hooks, or screws should be driven in any part of the walls or woodwork of said leased premises, or any alterations made, without defendant's permission in writing, and also that it was particularly agreed that all alterations or improvements or additions put in by plaintiff, except movable office furniture, should become the property of defendant; and defendant claims that plaintiff violated these conditions of the contract, and thereby damaged defendant in the sum of $50, which defendant counterclaims. The contention of the defendant as to the conditions of the contract is sustained by the lease itself, and by the rules and regulations indorsed thereon, and made, by the terms of the lease, a part of the contract. The judgment in favor of the plaintiff must be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

**BIRDSALL**, Respondent, v. McNEELY, Appellant (two cases). (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Actions by Albert T. Birdsall against Peter McNeely. No opinions. Appeals discontinued by stipulation, without costs.

---

**BISHOP**, Respondent, v. LOCKPORT ICE & COLD STORAGE CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 24, 1909.) Action by J. Pierce Bishop against the Lockport Ice & Cold Storage Company. No opinion. Judgment and order affirmed, with costs.

---

**BLOOM**, Respondent, v. MINTZ, Appellant. (Supreme Court, Appellate Division, Second Department. December 3, 1909.) Action by Nathan Bloom against Solomon Mintz. No opinion. Motion to dismiss appeal granted, with costs.